No. 683 July 15, 2026 593

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DOUGLAS JOHN REED,
*Defendant-Appellant.*

Coos County Circuit Court
21CR31762; A186225

Martin E. Stone, Judge.

Submitted June 16, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Morgen E. Daniels, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Kistler, Senior Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for felon in possession of a firearm, ORS 166.270(1), and criminal driving while suspended or revoked, ORS 811.182(3), based on his conditional guilty plea. Defendant challenges only his conviction for felon in possession of a firearm under ORS 166.270(1), which provides, in relevant part, that any person "who has been convicted of a felony" who "owns or has in the person's possession or under the person's custody or control any firearm commits the crime of felon in possession of a firearm." In a single assignment of error, defendant argues that ORS 166.270(1) violates the Second Amendment to the United States Constitution, which provides for "the right of the people to keep and bear Arms." US Const, Amend II. Defendant challenges the constitutionality of the statute both facially and as applied. Reviewing for errors of law, *State v. Ivey*, 342 Or App 649, 656, 577 P3d 884, *rev den*, 374 Or 616 (2025), we affirm.

Beginning with defendant's as-applied challenge, defendant argues that a predicate felony conviction for driving under the influence of intoxicants is an insufficient basis to deny Second Amendment rights because the offense is not inherently violent. However, we have previously upheld as-applied challenges to ORS 166.270(1) against defendants with prior, nonviolent, felony convictions, including unauthorized use of a vehicle, *Ivey*, 342 Or App at 658, and manufacture and possession of methamphetamine, *State v. Parras*, 326 Or App 246, 257-58, 531 P3d 711 (2023), *rev dismissed as improvidently allowed*, 373 Or 284 (2025). As we have explained, "[t]he weight of historical evidence shows that it was understood that individuals could be divested of Second Amendment protections if they broke the social contract of being a virtuous citizen by committing a serious crime." *Parras*, 326 Or App at 257.

Our case law establishes that ORS 166.270(1) is "capable of constitutional application," so defendant's facial challenge fails as well. *City of Portland v. Sottile*, 336 Or App 741, 744, 561 P3d 1159 (2024), *rev den*, 374 Or 372 (2025) (explaining that to prevail on a facial challenge, a defendant must "establish that no set of circumstances exists under

which the law would be valid" (internal quotation marks omitted)). The trial court did not err in upholding the constitutionality of ORS 166.270(1) against defendant's Second Amendment challenge.

Affirmed.